## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SANDRA LYNNE DOWNING,<br>Individually and as Personal Representative<br>of THE ESTATE OF BRIAN DOWNING,<br>Deceased, and on behalf of KRISTYL DOWNING,<br>and JAMES DOWNING, Death Beneficiaries of<br>THE ESTATE OF BRIAN DOWNING<br>    **12774 90th Ave.,**<br>    **Surrey, BC, V3V6G5**<br><br>            Plaintiff,<br><br>v.<br><br>CESSNA AIRCRAFT COMPANY,<br>A SUBSIDIARY OF TEXTRON<br>AVIATION, INC., a Kansas corporation;<br>    **Serve:  The Corporation Company, Inc.**<br>         **112 SW 7th Street, Ste. 3C**<br>         **Topeka, KS  66603**<br>and<br><br>JOHN DOES 1-20,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:      2:17-cv-02469 |

## FIRST AMENDED COMPLAINT FOR DAMAGES
## PURSUANT TO K.S.A. CHAPTER 60

**COMES NOW** Plaintiff, Sandra Lynne Downing, by and through counsel,

individually and as Personal Representative of The Estate of Brian Downing, Deceased,

and on behalf of Kristyl Downing and James Downing, Death Beneficiaries of the Estate

of Brian Downing and for her general allegations against all Defendants, states and

alleges as follows:

1.      This Petition arises out of the crash of a Cessna 182T aircraft with United States registration number N6289Z (sometimes referred to as the "accident aircraft" or "subject aircraft") which crashed on August 13, 2015, near Oroville, Okanogan County, Washington.  The pilot, Albert Losvar, and his passenger, Brian Downing, both perished in the crash.

**Plaintiff**

2.      Sandra Lynne Downing ("Plaintiff" or "Petitioner"), is the duly appointed Personal Representative of the Estate of Brian Downing, deceased. She is the wife of Brian Downing who perished in a plane crash on August 13, 2015 in Oroville, Okanogan County, Washington.

3.      Sandra Downing, Kristyl Downing and James Downing are heirs at law and entitled to recover for the wrongful death of Brian Downing pursuant to K.S.A. 60-1901 et seq. ("Plaintiffs" or "Petitioners").

4.      Sandra Downing brings this action pursuant to the Wrongful Death, Survival and Special Survival statutes of the State of Kansas, individually, and in her capacity as Personal Representative for the benefit of the Estate of Brian Downing, and in her representative capacity on behalf of all relatives of Brian Downing who have legally cognizable claims for wrongful death, including but not limited to Kristyl Downing and James Downing, adult children of the decedent Brian Downing.

5.      Sandra Downing is entitled to claim for damages as a result of pre-death pain and suffering, as a survival claim pursuant to K.S.A. 60-1801.

**Defendant Cessna**

6.     Defendant Cessna Aircraft Company, is a subsidiary of Defendant Textron Aviation, Inc.

7.     Textron Aviation, Inc. is a Kansas corporation, existing under the laws of the State of Kansas, with its principal place of business in Wichita, Kansas.

8.     Defendant Cessna is in the business of designing, testing, certifying, manufacturing, selling, supplying, supporting, maintaining, and repairing general aviation aircraft and component parts therefor, including the accident aircraft.

9.     The subject aircraft was manufactured in 2012.

10.    The subject aircraft was sold in 2012.

11.    Defendant Cessna's designated registered agent for the receipt of service of process is THE CORPORATION COMPANY, INC., 112 SW 7th Street Suite 3C, TOPEKA, KS 666039.

### Doe Defendants

12.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1-20, inclusive, are unknown to Plaintiff and are therefore sued under those fictitious names.

13.    Plaintiff is informed and believes, and therefore alleges, that each of the individuals was in some manner tortuously responsible for the event and happenings alleged in this Complaint and legally caused the injuries and damages to Plaintiff alleged herein.

### Allegations Common to All Counts

14. On or about August 13, 2015 the subject aircraft departed from Dorothy Scott Airport (0S7), Oroville, Washington, at approximately 8:30 a.m. Pacific daylight time, with an intended destination of Spokane International Airport (GEG) in Spokane, Washington ("subject flight").

15. The weather conditions during the flight allowed for operation under Visual Flight Rules and the winds were light and variable.

16. At all times during the last flight of the accident aircraft which resulted in the crash described herein, Albert Losvar acted as the pilot-in-command of the accident aircraft.

17. At approximately 8:45 a.m. Pacific daylight time the subject aircraft crashed killing occupants, pilot Albert Losvar, and passenger Brian Downing.

18. As the owner of the accident aircraft, Mr. Losvar was primarily responsible for maintaining it in an airworthy condition.

19. A photograph (below) taken by the National Transportation Safety Board at the scene of the crash showed an obstructed fuel selector port.



20.    As a direct and proximate result of the above-described plane crash, Plaintiff's decedent, Brian Downing was killed. His Estate, and his beneficiaries have sustained injuries and damages which are set forth below.

21.    The above-described plane crash and resulting damages to Plaintiff were the direct and proximate result of the combined negligence and or tortious conduct of all the Defendants herein.

22.    As a direct and proximate result of said conduct of the Defendants, Plaintiff has sustained injuries and damages which are set forth below.

**Negligence of Defendant Cessna:**

23.    The crash of N6289Z which resulted in the injuries and damages to Plaintiff was caused by the negligence, carelessness and recklessness of Defendant Cessna in that the subject aircraft, engine or components thereof were negligently, carelessly and recklessly designed, manufactured, assembled, tested, installed, marketed, sold and delivered.

24.    Defendant Cessna failed to issue proper and adequate warnings, guidelines, instructions and cautions related to the maintenance and use of the subject aircraft and or engine and or components thereof and therefore were not reasonably safe.  Defendant Cessna also breached its post-sale duty to warn and failed to act to prevent use of the dangerous subject aircraft, engine and or component parts.

25.    As a direct and proximate cause of the above negligence, including Defendant Cessna's acts and omissions, N6289Z crashed, killing Brian Downing, and causing injuries and damages to Plaintiff as set forth below.

26.     At all material times relevant hereto, Defendant Cessna were engaged in business of designing, manufacturing, assembling, marketing, testing, selling, delivering, distributing, supplying parts and or maintaining the subject model aircraft and or engine and or components thereof, and were responsible for issuing instructions, guidelines, warnings and cautions concerning the use of the subject model aircraft, engine and or components thereof.

27.     The Defendant Cessna created and or sold the subject aircraft, engine and or components thereof, which were defective, unsafe and unreasonably dangerous in that the design, manufacture, remanufacture, assembly, testing, marketing, installing, selling and delivery of the subject aircraft and or engine and or components thereof were unreasonably dangerous.

28.     The Defendant Cessna provided inadequate instructions, guidelines, warnings, manuals and cautions regarding maintenance, testing, service, storage, and operation of the subject aircraft, engine and or components thereof making the subject aircraft and or engine and or components thereof unreasonably dangerous.

29.     Defendant Cessna provided inadequate warnings regarding the fuel selector valve, making the subject aircraft and or engine and or components thereof unreasonably dangerous.

30.     As a direct and proximate result of the defective conditions and the acts and omissions of Defendant Cessna, the subject aircraft lost power and

crashed, killing Brian Downing, and causing injuries and damages to Plaintiff set forth below.

31.     Defendant Cessna negligent and breached its duty to Decedents in its manufacturing of the engine as follows:

a.   failing to inspect and detect defects that were unairworthy;

b.   failing to have an adequate quality control program in place to protect users of its products;

c.   failing to take steps to learn of the dangerous nature of its product;

d.   failing to warn users and persons or companies in the chain of distribution of the dangers of its product;

e.   failing to properly train and supervise its employees as to: (i) the dangerous nature of its product; (ii) the proper techniques for manufacture of its product; (iii) the applicable laws, codes, regulations, standards and operating procedures applicable to its product; and

f.    such other conduct as may be revealed in the course of discovery.

## COUNT I-WRONGFUL DEATH AND SURVIVAL CLAIMS OF BRIAN DOWNING

**COMES NOW** Plaintiff and for Count I of their Petition for the survival action and wrongful death of Brian Downing. and hereby state as follows:

32.     To the extent they are not inconsistent with the allegations contained in the Count, Plaintiffs incorporate by reference as though fully set forth herein each and every other allegation of this Petition.

33.     The Defendants, and each of them, jointly and severally, owed a duty of reasonable care to Decedent Brian Downing.

7

34.    As a direct and proximate result of the combined negligence of the Defendants, as more fully described above, Brian Downing was killed and Plaintiffs have thereby sustained damages.

35.    The negligence of all Defendants, as set forth above, combined to cause or directly contributed to cause the death of Brian Downing.

36.    As a direct and proximate result of the negligence of all Defendants as set forth herein, prior to his death, Brian Downing experienced physical distress, mental distress, anguish, anxiety, fear, fright, terror, grief and shock from the time the left engine failed until his death, entitling his Estate to an award of damages.

37.    As a further direct and proximate result of the negligence and failure of Defendants set out elsewhere herein, all Plaintiffs suffered the following noneconomic losses:

       a.    mental anguish, suffering and bereavement; and

       b.    loss of society, comfort and companionship.

38.    As a further direct and proximate result of the negligence and failure of Defendants set out elsewhere herein, all Plaintiffs suffered the following economic losses:

       a.    Loss of services, attention, advice, protection, care training and guidance;

       b.    Loss of earnings that Brian Downing would have provided;

       c.    Medical and funeral expenses; and

d.   Such other economic damages and such further relief to the

heirs at law pursuant to K.S.A. 60-1901 et seq.

**WHEREFORE**, Plaintiff prays for Judgment under Count I of their Petition

against Defendant Cessna, for such damages as are fair and reasonable to exceed

$75,000.00, their costs here incurred and for such further relief as the Court deems just

and proper.

## COUNT II – STRICT PRODUCT LIABILITY CLAIM
## AGAINST DEFENDANT CESSNA

**COME NOW** Plaintiff and for Count II of their Petition against Defendant

Cessna state and allege as follows:

39.   To the extent they are not inconsistent with the allegations contained in

this Count, Plaintiffs incorporate by reference as though fully set forth

herein each and every other allegation of this Petition.

40.   At all material times relevant hereto, Defendant Cessna was engaged in

business of designing, manufacturing, assembling, marketing, testing,

selling, delivering, distributing, supplying parts and or maintaining the

subject model aircraft and or engine and or components thereof, and were

responsible for issuing instructions, guidelines, warnings and cautions

concerning the use of the subject model aircraft, engine and or

components thereof.

41.   Defendant Cessna created and or sold the subject aircraft, engine and or

components thereof, which were defective, unsafe and unreasonably

dangerous in that the design, manufacture, remanufacture, assembly,

testing, marketing, installing, selling and delivery of the subject aircraft and or engine and or components thereof were unreasonably dangerous.

42.   Defendant Cessna provided inadequate instructions, guidelines, warnings, manuals and cautions regarding maintenance, testing, service, storage, and operation of the subject aircraft, engine and or components thereof making the subject aircraft and or engine and or components thereof unreasonably dangerous.

43.   Defendant Cessna provided inadequate warnings regarding the fuel selector valve, making the subject aircraft and or engine and or components thereof unreasonably dangerous.

44.   As a direct and proximate result of the defective conditions and the acts and omissions of Defendant Cessna, the subject aircraft lost power and crashed, killing Brian Downing, and causing injuries and damages to Plaintiff set forth below.

45.   As a direct and proximate result of the defective and unreasonably dangerous manufacturing of the accident engine and aircraft as existed when they were sold, distributed, Brian Downing perished in a plane crash on August 13, 2017 in Oroville, Okanogan County, Washington.

46.   As a direct and proximate result of the conduct of Defendant Cessna as set forth herein, prior to his death, Brian Downing experienced physical distress, mental distress, anguish, anxiety, fear, fright, terror, grief and shock from the time the left engine failed until his death, entitling his Estate to an award of damages.

47.     As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following noneconomic losses:

     a.   Mental anguish, suffering and bereavement; and

     b.   Loss of society, comfort and companionship.

48.     As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following economic losses:

     a.   Loss of services, attention, advice, protection, care training and guidance;

     b.   Loss of earnings that Brian Downing would have provided;

     c.   Medical and funeral expenses; and

     d.   Such other economic damages and such further relief to the heirs at law pursuant to K.S.A. 60-1901 et seq.

**WHEREFORE**, Plaintiff prays for Judgment under Count II of their Petition against Defendant Cessna, for such damages as are fair and reasonable to exceed $75,000.00, for their costs here incurred and for such further relief as the Court deems just and proper.

## COUNT III – STRICT LIABILITY CLAIM BASED ON FAILURE TO WARN AGAINST DEFENDANT CESSNA

**COMES NOW** Plaintiff and for Count III of their Petition against Defendant Cessna states and allege as follows:

49.     To the extent they are not inconsistent with the allegations contained in this Count, Plaintiffs incorporate by reference as though fully set forth herein, each and every other allegation of this Petition.

50.     Defendant Cessna knew that the engine and or aircraft and component parts were defective and had dangerous, harmful and life-threatening characteristics.

51.     Defendant Cessna knew that the engine and or aircraft and component parts including various fuel controls were unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics.

52.     Defendant Cessna failed to give an adequate warning of the danger of engine, aircraft and or component parts to consumers or users of the product whom they knew would be subjected to its dangerous characteristics.

53.     The aircraft, engine and component parts were used in a manner reasonably anticipated by Defendant Cessna and the aircraft, engines and or component parts, and the manner in which the Decedents were harmed was reasonably anticipated by Defendant Cessna.  Had Decedent known of the unreasonably dangerous, harmful and life-threatening nature of the aircraft, engine and or component parts he would not have boarded the aircraft.

54.    Decedent's death was a direct result of the aircraft, engine and or component parts being sold and/or distributed and/or used without an adequate warning.

55.    As a direct and proximate result of the conduct of Defendant Cessna as set forth herein, prior to his death, Brian Downing. experienced physical distress, mental distress, anguish, anxiety, fear, fright, terror, grief and shock from the time the left engine failed until his death, entitling his Estate to an award of damages.

56.    As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following noneconomic losses:

a.    Mental anguish, suffering and bereavement; and

b.    Loss of society, comfort and companionship.

57.    As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following economic losses:

a.    Loss of services, attention, advice, protection, care training and guidance;

b.    Loss of earnings that Brian Downing would have provided;

c.    Medical and funeral expenses; and

d.    Such other economic damages and such further relief to the heirs at law pursuant to K.S.A. 60-1901 et seq.

**WHEREFORE**, Plaintiff prays for Judgment under Count III of their Petition against Defendant Cessna, for such damages as are fair and reasonable to exceed $75,000.00, for their costs here incurred and for such further relief as the Court deems just and proper.

## COUNT IV – BREACH OF WARRANTY CLAIM AGAINST DEFENDANT CESSNA

**COMES NOW** Plaintiff and for Count IV of their Petition against Defendants Cessna, states and allege as follows:

58.    To the extent they are not inconsistent with the allegations contained in this Count, Plaintiffs incorporate by reference as though fully set forth herein each and every other allegation of this Petition.

59.    At all relevant times, the Defendant Cessna warranted the subject engine, and components and or aircraft were airworthy, were or merchantable quality, were fit and safe for the purposes for which they were designed, manufactured, assembled, tested, marketed, sold, and maintained and were free of defects and that the guidelines, instructions, cautions and warnings pertaining to the use of the subject engine and or components thereof were proper, sufficient, adequate and complete.

60.    Defendant Cessna breached said warranties in that the subject engine and or components and or aircraft were not airworthy, or of merchantable quality, were not fit and safe for the purposes for which they were designed, manufactured, assembled, tested, marketed, sold and maintained and were not free of defects and were otherwise defective and that the

guidelines, instructions, cautions and warnings pertaining to the use thereof and continued airworthiness were not proper, sufficient, adequate and complete.

61.    The sale and or supply of the subject engine and or component and or aircraft placed decedent Brian Downing in privity of contract Defendant Cessna. It was reasonable for these defendants to expect that the aircraft owner and pilot would carry passengers on flights. Plaintiff's decedent, Brian Downing, was also in privity as an intended third-party beneficiary.

62.    As a direct and proximate result of the aforementioned breach of warranties, N6289Z crashed, killing Brian Downing, and causing injuries and damages to Plaintiff as set forth below.

63.    As a direct and proximate result of Defendant Cessna's breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Decedent perished in the manner described more specifically above.

64.    As a direct and proximate result of the conduct of Defendant Cessna as set forth herein, prior to his death, Brian Downing. experienced physical distress, mental distress, anguish, anxiety, fear, fright, terror, grief and shock from the time the left engine failed until his death, entitling his Estate to an award of damages.

65.    As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following noneconomic losses:

      a.     Mental anguish, suffering and bereavement; and

      b.     Loss of society, comfort and companionship.

66.    As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following economic losses:

    a.  Loss of services, attention, advice, protection, care training and guidance;

    b.  Loss of earnings that Brian Downing would have provided;

    c.  Medical and funeral expenses; and

    d.  Such other economic damages and such further relief to the heirs at law pursuant to K.S.A. 60-1901 et seq.

**WHEREFORE**, Plaintiff prays for Judgment under Count IV of their Petition against Defendant Cessna, for such damages as are fair and reasonable to exceed $75,000.00, for their costs here incurred and for such further relief as the Court deems just and proper.

### REQUEST FOR JURY TRIAL

COME NOW Plaintiff, by and through their counsel of record, and hereby demand a trial by jury of all issues.

Respectfully Submitted,

PRESLEY & PRESLEY, LLC

By/s/Kirk R. Presley

KIRK R. PRESLEY    USDC #70562
SEAN M. BROWN     KS# 26694
4801 Main Street, Suite 375
Kansas City, Missouri  64112
kirk@presleyandpresley.com
sean@presleyandpresley.com
(816) 931-4611 telephone
(816)831-4646 facsimile
**ATTORNEYS FOR PLAINTIFF**