IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SANDRA LYNNE DOWNING, Individually and as Personal Representative of THE ESTATE OF BRIAN DOWNING, Deceased, and on behalf of KRISTYL DOWNING, and JAMES DOWNING, Death Beneficiaries of THE ESTATE OF BRIAN DOWNING,<br><br>Plaintiff,<br><br>v.<br><br>CESSNA AIRCRAFT COMPANY, A SUBSIDIARY OF TEXTRON AVIATION, INC., a Kansas corporation,<br><br>And<br><br>JOHN DOES 1-20,<br><br>Defendants. | Case No: 2:17-cv-02469-CM-KGS |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Defendant Textron Aviation, Inc., successor by merger to Cessna Aircraft Company ("Textron Aviation") for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint for Damages, states and alleges as follows:

1. This Petition arises out of the crash of a Cessna 182T aircraft with United States registration number N6289Z (sometimes referred to as the "accident aircraft" or "subject aircraft") which crashed on August 13, 2015, near Oroville, Okanogan County, Washington. The pilot, Albert Losvar, and his passenger, Brian Downing, both perished in the crash.

**ANSWER:** **Defendant denies that Mr. Losvar was the "pilot" and Mr. Downing was the "passenger" at the time of the crash. The aircraft at issue was a Cessna T182T. Defendant admits the remaining allegations in paragraph 1.**

## Plaintiff

2. Sandra Lynne Downing ("Plaintiff" or "Petitioner"), is the duly appointed Personal Representative of the Estate of Brian Downing, deceased. She is the wife of Brian Downing who perished in a plane crash on August 13, 2015 in Oroville, Okanogan County, Washington.

**ANSWER: Defendant admits the date and place of the plane crash. On information and belief, Defendant admits that Sandra Downing is the wife of Brian Downing. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and therefore denies them.**

3. Sandra Downing, Kristyl Downing and James Downing are heirs at law and entitled to recover for the wrongful death of Brian Downing pursuant to K.S.A. 60-1901 et seq. ("Plaintiffs" or "Petitioners").

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that these individuals are "heirs at law," and therefore denies it. Defendant denies the remaining allegations in paragraph 3.**

4. Sandra Downing brings this action pursuant to the Wrongful Death, Survival and Special Survival statutes of the State of Kansas, individually, and in her capacity as Personal Representative for the benefit of the Estate of Brian Downing, and in her representative capacity on behalf of all relatives of Brian Downing who have legally cognizable claims for wrongful death, including but not limited to Kristyl Downing and James Downing, adult children of the decedent Brian Downing.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.**

5. Sandra Downing is entitled to claim for damages as a result of pre-death pain and suffering, as a survival claim pursuant to K.S.A. 60-1801.

**ANSWER: Defendant denies the allegations of paragraph 5.**

## Defendant Cessna

6. Defendant Cessna Aircraft Company, is a subsidiary of Defendant Textron Aviation, Inc.

**ANSWER:** Defendant denies the allegations of paragraph 6.

7. Textron Aviation, Inc. is a Kansas corporation, existing under the laws of the State of Kansas, with its principal place of business in Wichita, Kansas.

**ANSWER:** Defendant admits the allegations of paragraph 7.

8. Defendant Cessna is in the business of designing, testing, certifying, manufacturing, selling, supplying, supporting, maintaining, and repairing general aviation aircraft and component parts therefor, including the accident aircraft.

**ANSWER:** **Defendant denies that "Cessna" is its correct corporate name. Defendant admits that it is in the business of manufacturing aircraft, and it manufactured the aircraft at issue. Defendant otherwise denies the remaining allegations in paragraph 8.**

9. The subject aircraft was manufactured in 2012.

**ANSWER:** **Defendant denies the allegations of paragraph 9.**

10. The subject aircraft was sold in 2012.

**ANSWER:** **On information and belief, Defendant admits that a previous owner of the aircraft at issue sold it to Mr. Losvar in 2012. Defendant otherwise denies the allegations in paragraph 10.**

11. Defendant Cessna's designated registered agent for the receipt of service of process is THE CORPORATION COMPANY, INC., 112 SW 7th Street Suite 3C, TOPEKA, KS 666039.

**ANSWER:** **Defendant denies that "Cessna" is its correct corporate name. Defendant admits the remaining allegations of paragraph 11.**

### Doe Defendants

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1-20, inclusive, are unknown to Plaintiff and are therefore sued under those fictitious names.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.**

CORE/0758368.0373/134959636.1

13. Plaintiff is informed and believes, and therefore alleges, that each of the individuals was in some manner tortuously responsible for the event and happenings alleged in this Complaint and legally caused the injuries and damages to Plaintiff alleged herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.**

### Allegations Common to All Counts

14. On or about August 13, 2015 the subject aircraft departed from Dorothy Scott Airport (0S7), Oroville, Washington, at approximately 8:30 a.m. Pacific daylight time, with an intended destination of Spokane International Airport (GEG) in Spokane, Washington ("subject flight").

**ANSWER:** **Defendant denies the stated time of departure. Defendant otherwise admits the remaining allegations of paragraph 14.**

15. The weather conditions during the flight allowed for operation under Visual Flight Rules and the winds were light and variable.

**ANSWER:** **Defendant admits that the weather conditions allowed for operation under visual flight rules, and were otherwise as described in the NTSB's Aviation Accident Final Report. Defendant otherwise denies the allegations in paragraph 15.**

16. At all times during the last flight of the accident aircraft which resulted in the crash described herein, Albert Losvar acted as the pilot-in-command of the accident aircraft.

**ANSWER:** **Defendant denies the allegations of paragraph 16.**

17. At approximately 8:45 a.m. Pacific daylight time the subject aircraft crashed killing occupants, pilot Albert Losvar, and passenger Brian Downing.

**ANSWER:** **Defendant admits that the crash killed Mr. Losvar and Mr. Downing. Defendant denies the remaining allegations in paragraph 17.**

18. As the owner of the accident aircraft, Mr. Losvar was primarily responsible for maintaining it in an airworthy condition.

**ANSWER:** **Defendant admits the allegations in paragraph 18.**

19. A photograph (below) taken by the National Transportation Safety Board at the scene of the crash showed an obstructed fuel selector port.

CORE/0758368.0373/134959636.1



**ANSWER:** **Defendant denies the allegations of paragraph 19.**

20. As a direct and proximate result of the above-described plane crash, Plaintiff's decedent, Brian Downing was killed. His Estate, and his beneficiaries have sustained injuries and damages which are set forth below.

**ANSWER:** **Defendant admits that Mr. Downing was killed in the crash. Defendant otherwise denies the allegations in paragraph 20.**

21. The above-described plane crash and resulting damages to Plaintiff were the direct and proximate result of the combined negligence and or tortious conduct of all the Defendants herein.

**ANSWER:** **Defendant denies the allegations in paragraph 21.**

22. As a direct and proximate result of said conduct of the Defendants, Plaintiff has sustained injuries and damages which are set forth below.

**ANSWER:** **Defendant denies the allegations in paragraph 22.**

### Negligence of Defendant Cessna:

23. The crash of N6289Z which resulted in the injuries and damages to Plaintiff was caused by the negligence, carelessness and recklessness of Defendant Cessna in that the subject aircraft, engine or components thereof were negligently, carelessly and recklessly designed, manufactured, assembled, tested, installed, marketed, sold and delivered.

5

**ANSWER:** Defendant denies the allegations in paragraph 23.

24. Defendant Cessna failed to issue proper and adequate warnings, guidelines, instructions and cautions related to the maintenance and use of the subject aircraft and or engine and or components thereof and therefore were not reasonably safe. Defendant Cessna also breached its post-sale duty to warn and failed to act to prevent use of the dangerous subject aircraft, engine and or component parts.

**ANSWER:** **Defendant denies the allegations in paragraph 24.**

25. As a direct and proximate cause of the above negligence, including Defendant Cessna's acts and omissions, N6289Z crashed, killing Brian Downing, and causing injuries and damages to Plaintiff as set forth below.

**ANSWER:** **Defendant denies the allegations in paragraph 25.**

26. At all material times relevant hereto, Defendant Cessna were engaged in business of designing, manufacturing, assembling, marketing, testing, selling, delivering, distributing, supplying parts and or maintaining the subject model aircraft and or engine and or components thereof, and were responsible for issuing instructions, guidelines, warnings and cautions concerning the use of the subject model aircraft, engine and or components thereof.

**ANSWER:** **Defendant denies that "Cessna" is its correct corporate name. Defendant admits that it manufactured the aircraft at issue. Defendant otherwise denies the remaining allegations in paragraph 26.**

27. The Defendant Cessna created and or sold the subject aircraft, engine and or components thereof, which were defective, unsafe and unreasonably dangerous in that the design, manufacture, remanufacture, assembly, testing, marketing, installing, selling and delivery of the subject aircraft and or engine and or components thereof were unreasonably dangerous.

**ANSWER:** **Defendant denies that "Cessna" is its correct corporate name. Defendant admits that it manufactured the aircraft at issue. Defendant otherwise denies the remaining allegations in paragraph 27.**

28. The Defendant Cessna provided inadequate instructions, guidelines, warnings, manuals and cautions regarding maintenance, testing, service, storage, and operation of the subject aircraft, engine and or components thereof making the subject aircraft and or engine and or components thereof unreasonably dangerous.

**ANSWER:** **Defendant denies the allegations in paragraph 28.**

6

29. Defendant Cessna provided inadequate warnings regarding the fuel selector valve, making the subject aircraft and or engine and or components thereof unreasonably dangerous.

**ANSWER:** **Defendant denies the allegations in paragraph 29.**

30. As a direct and proximate result of the defective conditions and the acts and omissions of Defendant Cessna, the subject aircraft lost power and crashed, killing Brian Downing, and causing injuries and damages to Plaintiff set forth below.

**ANSWER:** **Defendant denies the allegations in paragraph 30.**

31. Defendant Cessna negligent and breached its duty to Decedents in its manufacturing of the engine as follows:

    a. failing to inspect and detect defects that were unairworthy;

    b. failing to have an adequate quality control program in place to protect users of its products;

    c. failing to take steps to learn of the dangerous nature of its product;

    d. failing to warn users and persons or companies in the chain of distribution of the dangers of its product;

    e. failing to properly train and supervise its employees as to: (i) the dangerous nature of its product; (ii) the proper techniques for manufacture of its product; (iii) the applicable laws, codes, regulations, standards and operating procedures applicable to its product; and

    f. such other conduct as may be revealed in the course of discovery.

**ANSWER:** **Defendant denies the allegations in paragraph 31.**

## COUNT I – WRONGFUL DEATH AND SURVIVAL CLAIMS OF BRIAN DOWNING

32. To the extent they are not inconsistent with the allegations contained in the Count, Plaintiffs incorporate by reference as though fully set forth herein each and every other allegation of this Petition.

**ANSWER:** **Defendant incorporates by reference as though fully set forth herein its responses to paragraphs 1-31 set forth above.**

33. The Defendants, and each of them, jointly and severally, owed a duty of reasonable care to Decedent Brian Downing.

**ANSWER:** **The allegations above state legal conclusions to which no response is required. To the extent required, Defendant denies the allegations in paragraph 33.**

7

34. As a direct and proximate result of the combined negligence of the Defendants, as more fully described above, Brian Downing was killed and Plaintiffs have thereby sustained damages.

**ANSWER:** **Defendant denies the allegations of paragraph 34.**

35. The negligence of all Defendants, as set forth above, combined to cause or directly contributed to cause the death of Brian Downing.

**ANSWER:** **Defendant denies the allegations of paragraph 35.**

36. As a direct and proximate result of the negligence of all Defendants as set forth herein, prior to his death, Brian Downing experienced physical distress, mental distress, anguish, anxiety, fear, fright, terror, grief and shock from the time the left engine failed until his death, entitling his Estate to an award of damages.

**ANSWER:** **Defendant denies the allegations of paragraph 36.**

37. As a further direct and proximate result of the negligence and failure of Defendants set out elsewhere herein, all Plaintiffs suffered the following noneconomic losses:

    a. mental anguish, suffering and bereavement; and

    b. loss of society, comfort and companionship.

**ANSWER:** **Defendant denies the allegations of paragraph 37.**

38. As a further direct and proximate result of the negligence and failure of Defendants set out elsewhere herein, all Plaintiffs suffered the following economic losses:

    a. Loss of services, attention, advice, protection, care training and guidance;

    b. Loss of earnings that Brian Downing would have provided;

    c. Medical and funeral expenses; and

    d. Such other economic damages and such further relief to the heirs at law pursuant to K.S.A. 60-1901 et seq.

**ANSWER:** **Defendant denies the allegations of paragraph 38.**

WHEREFORE, Defendant prays that Plaintiff take nothing under Count I, that Defendant recover its cost and fees, and for such further relief as the Court deems proper.

### COUNT II – STRICT PRODUCT LIABILITY CLAIM
### AGAINST DEFENDANT CESSNA

39. To the extent they are not inconsistent with the allegations contained in this Count, Plaintiffs incorporate by reference as though fully set forth herein each and every other allegation of this Petition.

8

**ANSWER:** Defendant incorporates by reference as though fully set forth herein its responses to paragraphs 1-38 set forth above.

40. At all material times relevant hereto, Defendant Cessna was engaged in business of designing, manufacturing, assembling, marketing, testing, selling, delivering, distributing, supplying parts and or maintaining the subject model aircraft and or engine and or components thereof, and were responsible for issuing instructions, guidelines, warnings and cautions concerning the use of the subject model aircraft, engine and or components thereof.

**ANSWER:** Defendant denies that "Cessna" is its correct corporate name. Defendant admits that it manufactured the aircraft at issue. Defendant otherwise denies the remaining allegations in paragraph 40.

41. Defendant Cessna created and or sold the subject aircraft, engine and or components thereof, which were defective, unsafe and unreasonably dangerous in that the design, manufacture, remanufacture, assembly, testing, marketing, installing, selling and delivery of the subject aircraft and or engine and or components thereof were unreasonably dangerous.

**ANSWER:** Defendant denies that "Cessna" is its correct corporate name. Defendant admits that it manufactured the aircraft at issue. Defendant otherwise denies the remaining allegations in paragraph 41.

42. Defendant Cessna provided inadequate instructions, guidelines, warnings, manuals and cautions regarding maintenance, testing, service, storage, and operation of the subject aircraft, engine and or components thereof making the subject aircraft and or engine and or components thereof unreasonably dangerous.

**ANSWER:** Defendant denies the allegations in paragraph 42.

43. Defendant Cessna provided inadequate warnings regarding the fuel selector valve, making the subject aircraft and or engine and or components thereof unreasonably dangerous.

**ANSWER:** Defendant denies the allegations in paragraph 43.

44. As a direct and proximate result of the defective conditions and the acts and omissions of Defendant Cessna, the subject aircraft lost power and crashed, killing Brian Downing, and causing injuries and damages to Plaintiff set forth below.

**ANSWER:** Defendant denies the allegations in paragraph 44.

45. As a direct and proximate result of the defective and unreasonably dangerous manufacturing of the accident engine and aircraft as existed when they were sold, distributed,

9

Brian Downing perished in a plane crash on August 13, 2017 in Oroville, Okanogan County, Washington.

**ANSWER:** **Defendant denies the allegations in paragraph 45.**

46. As a direct and proximate result of the conduct of Defendant Cessna as set forth herein, prior to his death, Brian Downing experienced physical distress, mental distress, anguish, anxiety, fear, fright, terror, grief and shock from the time the left engine failed until his death, entitling his Estate to an award of damages.

**ANSWER:** **Defendant denies the allegations in paragraph 46.**

47. As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following noneconomic losses:

    a. Mental anguish, suffering and bereavement; and

    b. Loss of society, comfort and companionship.

**ANSWER:** **Defendant denies the allegations in paragraph 47.**

48. As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following economic losses:

    a. Loss of services, attention, advice, protection, care training and guidance;

    b. Loss of earnings that Brian Downing would have provided;

    c. Medical and funeral expenses; and

    d. Such other economic damages and such further relief to the heirs at law pursuant to K.S.A. 60-1901 et seq.

**ANSWER:** **Defendant denies the allegations in paragraph 48.**

WHEREFORE, Defendant prays that Plaintiff take nothing under Count II, that Defendant recover its cost and fees, and for such further relief as the Court deems proper.

### COUNT III – STRICT LIABILITY CLAIM BASED ON FAILURE TO WARN AGAINST DEFENDANT CESSNA

49. To the extent they are not inconsistent with the allegations contained in this Count, Plaintiffs incorporate by reference as though fully set forth herein, each and every other allegation of this Petition.

**ANSWER:** **Defendant incorporates by reference as though fully set forth herein its responses to paragraphs 1-48 set forth above.**

50. Defendant Cessna knew that the engine and or aircraft and component parts were defective and had dangerous, harmful and life-threatening characteristics.

**ANSWER:** **Defendant denies the allegations in paragraph 50.**

51. Defendant Cessna knew that the engine and or aircraft and component parts including various fuel controls were unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics.

**ANSWER:** **Defendant denies the allegations in paragraph 51.**

52. Defendant Cessna failed to give an adequate warning of the danger of engine, aircraft and or component parts to consumers or users of the product whom they knew would be subjected to its dangerous characteristics.

**ANSWER:** **Defendant denies the allegations in paragraph 52.**

53. The aircraft, engine and component parts were used in a manner reasonably anticipated by Defendant Cessna and the aircraft, engines and or component parts, and the manner in which the Decedents were harmed was reasonably anticipated by Defendant Cessna. Had Decedent known of the unreasonably dangerous, harmful and life-threatening nature of the aircraft, engine and or component parts he would not have boarded the aircraft.

**ANSWER:** **Defendant denies the allegations in paragraph 53.**

54. Decedent's death was a direct result of the aircraft, engine and or component parts being sold and/or distributed and/or used without an adequate warning.

**ANSWER:** **Defendant denies the allegations in paragraph 54.**

55. As a direct and proximate result of the conduct of Defendant Cessna as set forth herein, prior to his death, Brian Downing. experienced physical distress, mental distress, anguish, anxiety, fear, fright, terror, grief and shock from the time the left engine failed until his death, entitling his Estate to an award of damages.

**ANSWER:** **Defendant denies the allegations in paragraph 55.**

56. As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following noneconomic losses:

    a. Mental anguish, suffering and bereavement; and

    b. Loss of society, comfort and companionship.

**ANSWER:** **Defendant denies the allegations in paragraph 56.**

57. As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following economic losses:

11

      a.      Loss of services, attention, advice, protection, care training and guidance;

      b.      Loss of earnings that Brian Downing would have provided;

      c.      Medical and funeral expenses; and

      d.      Such other economic damages and such further relief to the heirs at law pursuant to K.S.A. 60-1901 et seq.

**ANSWER:    Defendant denies the allegations in paragraph 57.**

WHEREFORE, Defendant prays that Plaintiff take nothing under Count III, that Defendant recover its cost and fees, and for such further relief as the Court deems proper.

### COUNT IV – BREACH OF WARRANTY CLAIM AGAINST DEFENDANT CESSNA

58.    To the extent they are not inconsistent with the allegations contained in this Count, Plaintiffs incorporate by reference as though fully set forth herein each and every other allegation of this Petition.

**ANSWER:    Defendant incorporates by reference as though fully set forth herein its responses to paragraphs 1-57 set forth above.**

59.    At all relevant times, the Defendant Cessna warranted the subject engine, and components and or aircraft were airworthy, were or merchantable quality, were fit and safe for the purposes for which they were designed, manufactured, assembled, tested, marketed, sold, and maintained and were free of defects and that the guidelines, instructions, cautions and warnings pertaining to the use of the subject engine and or components thereof were proper, sufficient, adequate and complete.

**ANSWER:    Defendant denies that "Cessna" is its correct corporate name. The allegations above relating to warranties are legal conclusions to which no response is required. To the extent required, Defendant denies the allegations in paragraph 59.**

60.    Defendant Cessna breached said warranties in that the subject engine and or components and or aircraft were not airworthy, or of merchantable quality, were not fit and safe for the purposes for which they were designed, manufactured, assembled, tested, marketed, sold and maintained and were not free of defects and were otherwise defective and that the guidelines, instructions, cautions and warnings pertaining to the use thereof and continued airworthiness were not proper, sufficient, adequate and complete.

**ANSWER:    Defendant denies the allegations in paragraph 60.**

12

61. The sale and or supply of the subject engine and or component and or aircraft placed decedent Brian Downing in privity of contract Defendant Cessna. It was reasonable for these defendants to expect that the aircraft owner and pilot would carry passengers on flights. Plaintiffs decedent, Brian Downing, was also in privity as an intended third-party beneficiary.

**ANSWER:** **Defendant denies that "Cessna" is its correct corporate name. The allegations above relating to privity are legal conclusions to which no response is required. To the extent required, Defendant denies the allegations in paragraph 61.**

62. As a direct and proximate result of the aforementioned breach of warranties, N6289Z crashed, killing Brian Downing, and causing injuries and damages to Plaintiff as set forth below.

**ANSWER:** **Defendant denies the allegations in paragraph 62.**

63. As a direct and proximate result of Defendant Cessna's breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Decedent perished in the manner described more specifically above.

**ANSWER:** **Defendant denies the allegations in paragraph 63.**

64. As a direct and proximate result of the conduct of Defendant Cessna as set forth herein, prior to his death, Brian Downing. Experienced physical distress, mental distress, anguish, anxiety, fear, fright, terror, grief and shock from the time the left engine failed until his death, entitling his Estate to an award of damages.

**ANSWER:** **Defendant denies the allegations in paragraph 64.**

65. As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following noneconomic losses:
    a. Mental anguish, suffering and bereavement; and
    b. Loss of society, comfort and companionship.

**ANSWER:** **Defendant denies the allegations in paragraph 65.**

66. As a further direct and proximate result of the conduct of Defendant Cessna set out elsewhere herein, all Plaintiffs suffered the following economic losses:
    a. Loss of services, attention, advice, protection, care training and guidance;
    b. Loss of earnings that Brian Downing would have provided;
    c. Medical and funeral expenses; and
    d. Such other economic damages and such further relief to the heirs at law pursuant to K.S.A. 60-1901 et seq.

13
CORE/0758368.0373/134959636.1

**ANSWER:** **Defendant denies the allegations in paragraph 66.**

WHEREFORE, Defendant prays that Plaintiff take nothing under Count IV, that Defendant recover its cost and fees, and for such further relief as the Court deems proper.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Textron Aviation, for its affirmative and other defenses, states as follows:

1. Plaintiff fails to state a claim on which relief may be granted.

2. The claims at issue are barred by the applicable statutes of limitations.

3. Plaintiff lacks standing to pursue some or all of the claims or recovery at issue under the applicable survival and wrongful death statutes, and some or all of the recovery sought exceeds the types and amounts permitted by such statutes, or other applicable legal authority.

4. The decedent's assumption of risk, contributory negligence, and/or comparative fault, including but not limited to pilot error on the part of Brian Downing at the time of the accident, precludes or reduces any recovery in this action.

5. The acts, omissions, negligence, or fault of other defendants and/or third parties, including but not limited to pilot error on the part of Albert Losvar, was a proximate cause, or the sole or superseding proximate cause, of the injuries, death, or damages at issue.

6. Plaintiff's warranty claim fails because of lack of privity, failure to timely give required notice, and/or applicable disclaimers, restrictions, or other limitations.

## DEMAND FOR JURY TRIAL

Defendant Textron Aviation demands a trial by jury on all issues so triable.

Dated: October 3, 2017.

>Respectfully Submitted,
>
>*/s/ Lynn D. Preheim*
>Lynn D. Preheim #13300
>STINSON LEONARD STREET LLP
>1625 N. Waterfront Pkwy, Suite 300
>Wichita, Kansas 67206-6620
>Telephone: (316) 265-8800
>Facsimile: (316) 265-1349
>lynn.preheim@stinson.com
>
>*Attorneys for Defendant Textron Aviation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2017, the foregoing was filed electronically with the Court using the CM/ECF system, which will send electronic notification to the following:

Kirk R. Presley #70562
Sean M. Brown # 26694
PRESLEY & PRESLEY, LLC
4801 Main Street, Suite 375
Kansas City, Missouri 64112
kirk@presleyandpresley.com
sean@presleyandpresley.com
(816) 931-4611 telephone
(816) 831-4646 facsimile

*Attorneys for Plaintiff*

>*/s/ Lynn D. Preheim*

CORE/0758368.0373/134959636.1