IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SANDRA LYNNE DOWNING** *individually and as personal representative, and on behalf of the estate of Brian Downing on behalf of Kristyl Downing on behalf of James Downing***,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CESSNA AIRCRAFT COMPANY** *a subsidiary of Textron Aviation*, Inc., and **JOHN DOES 1–20,**<br><br>**Defendants.** | Case No. 17-2469 |

## MEMORANDUM & ORDER

This matter comes before the court upon plaintiff Sandra Lynne Downing's Motion to Remand (Doc. 8). This case was initially filed in the District Court of Johnson County, Kansas. It was removed to federal court on August 14, 2017, based on diversity jurisdiction by defendant Lycoming. (Doc. 1.) On August 16, 2017, plaintiff filed an Amended Complaint (Doc. 5) alleging negligent wrongful death and products liability claims, all relying on Kansas state law, but naming only defendant Cessna Aircraft Company ("Cessna") and the John Doe defendants. Plaintiff filed her motion to remand on September 13, 2017, arguing that the court does not have subject-matter jurisdiction based on the forum-defendant rule, because defendant Cessna is Kansas company. For the reasons explained below, plaintiff's motion to remand is granted.

28 U.S.C. 1332(a) provides that federal district courts have original jurisdiction in civil matters where (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship. The parties do not dispute that these requirements are met.

Instead, plaintiff relies on 28 U.S.C. § 1441(b)(2)—the forum-defendant rule—as authority to remand this case. The forum-defendant rule adds the separate requirement that for proper removal of a civil action to federal court, none of the parties in interest properly joined and served as defendants can be a citizen of the state in which the action is brought—here, Kansas. 28 U.S.C. § 1441(b)(2) (explaining that an otherwise removable case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Defendant Cessna is a subsidiary of Textron Aviation, which is a citizen of Kansas. Therefore, this case should be remanded pursuant to the forum-defendant rule.

None of defendant's three arguments persuade the court otherwise. First, defendant correctly suggests that the forum-defendant rule is a procedural barrier to subject-matter jurisdiction that may be waived if a plaintiff proceeds in federal court without raising it. *Herrera v. Las Cruces Pub. Schs.*, 695 F. App'x 361, 366 (10th Cir. 2017). Defendant argues that plaintiff waived her right to remand this case because she filed an amended complaint in federal court.

The court finds the Ninth Circuit's discussion in *Lively v. Wild Oats Markets, Inc.*, persuasive. 456 F.3d 933 (9th Cir. 2006). The Ninth Circuit explained that:

> The purpose of the forum defendant rule also supports treating it as a non-jurisdictional requirement. Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court. A procedural characterization of this rule honors this purpose because the plaintiff can either move to remand the case to state court within the 30-day time limit, or allow the case to remain in federal court by doing nothing. Either way, the plaintiff exercises control over the forum.

*Id.* at 940. Here, plaintiff moved to remand within 30 days. The court does not find that filing the amended complaint waived plaintiff's right to control the forum for adjudication of her claims, especially when the only basis for removal in the first instance was diversity jurisdiction.

Second, defendant argues that Cessna was not a party in interest properly joined and served at the time this case was removed and that because diversity jurisdiction is determined at the time of removal, the forum-defendant rule should not apply. This court has previously held that this interpretation of the forum-defendant rule is contrary to its purpose. The joined and served language is included to prevent plaintiffs from foreclosing a defendant's ability to remove an action by naming a local defendant whom the plaintiff has no intention of serving or proceeding against. The rule does not authorize the court to ignore the citizenship of unserved defendants in determining diversity jurisdiction. *See Gift Card Impression v. Grp. Servs. Ltd.*, No. 12-2766-CM, 2013 WL 568211, at *1 (D. Kan. Feb. 13, 2013) (citing *Boulter v. Citi Residential Lending*, No. 10-350-JHP, 2011 WL 128789, at *3 (E.D. Okla. Jan. 14, 2011)).

Third, defendant argues that plaintiff's motion to remand should be denied because she did not sufficiently develop her legal argument or reply. There is no requirement that a reply brief be filed and plaintiff provided the court with sufficient argument and authority to decide in her motion in her favor. Plaintiff brings all state law claims. The forum-defendant rule applies to this case. The court finds that plaintiff's motion to remand should be granted and this case should be remanded to the District Court in Johnson County, Kansas.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Doc. 8) is granted. After remanding to the Johnson County District Court, the clerk's office shall close this case.

Dated January 25, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**